**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN RE:                                                    CASE NO. 16-01361 (MCF)

Halais Group Inc.                                         CHAPTER 11

Debtor

## **OPINION AND ORDER**

This court denied the creditor's untimely request to vacate the order granting the chapter 11 debtor's request for post-petition financing. Now it appeals this order and requests a stay pending appeal, which is denied for the reasons that follow.

## **PROCEDURAL HISTORY**

On November 11, 2017, party-in-interest Swift Capital Corporation ("SWIFT") filed a motion to stay pending appeal, pursuant to Fed. R. Bankr. P. 8007 (Docket No. 246). In it, SWIFT moves the court to stay the order entered on August 16, 2017, granting Halais Group Inc.'s ("Debtor") motion for post-petition financing.

The procedural history which led to the court's approval of Debtor's post-petition financing is as follows:

On July 21, 2017, Halais Group, Inc. ("Debtor") filed a motion requesting post-petition financing, pursuant to 11 U.S.C. § 364 (Docket No. 193). Debtor requested authorization from the court to obtain financing from Parliament High Yield Fund ("Parliament"). The money loaned would enable it to pay off secured and priority unsecured creditors' claims (among them, Bautista Cayman Asset Company's claim for $2,158,511.30 would be paid off at a discount price of $420,000). Debtor notified its motion to creditors pursuant to Local Bankruptcy Rule 4001-2.

Subsequently, Debtor supplemented its motion on Docket No. 200 and requested a shortened notice time period for creditors to file objections, to ten (10) days. The court granted the shortened notice-time request on Docket No. 204 and set the due date for objections to the motions on Docket Nos. 193 and 200, for August 11, 2017.

It appearing from the record that no party filed a timely opposition nor requested a hearing, the court granted Debtor's motion for postpetition financing for cause shown on August 16, 2017 (Docket No. 215).

Order dated September 5, 2017 (Docket No. 227, at 1). Subsequently, SWIFT moved this court to reconsider its approval of Debtor's post-petition financing. SWIFT stated that it did not object to the post-petition financing but did not want the new creditor to have a first ranking lien over Debtor's accounts receivable. The court denied the reconsideration because SWIFT's objection was untimely.[1] See Id. at 3-4 ("Due to its untimeliness, SWIFT is now precluded from contesting the payoff amount allegedly owed to it. [. . .] Because SWIFT did not timely oppose Debtor's contention that its claim would be paid in full, it waived any objection to the reconciliation of its claim.). Furthermore, upon execution of the agreement, Debtor was to pay off SWIFT, rendering its concern moot as there is no underlying debt to sustain its lien.

Upon denying the reconsideration, the court issued an order for cancellation and recording of liens, which—among other things—ordered the recordation of Parliament's lien over the accounts receivable in first rank (Docket No. 229). SWIFT then filed its notice of appeal to the Bankruptcy Appellate Panel for the First Circuit (Docket No. 234). Debtor later filed the motion to stay pending appeal now before the court. [2] For the reasons that follow the court denies SWIFT's motion for stay pending appeal.

### STANDARD FOR STAY PENDING APPEAL

In deciding whether to grant a motion requesting a stay pending appeal, the court must apply the standard for preliminary injunctive relief. Courts have substantial discretion under Fed. R. Bankr. P. 8007 to grant or deny a stay pending appeal on such terms as it may deem appropriate, subject to an abuse of discretion standard of review. In re Target Graphics, Inc., 372 B.R. 866 (E.D.Tenn. 2007). "A party seeking injunctive relief must prove: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is withheld; (3) a favorable balance of hardships; (4) a fit...between the injunction and the public interest." Ralph v. Lucent Technologies, Inc., 135 F.3d 166, 167 (1st Cir. 1998). In the First Circuit, the main consideration of the four-factor framework is the likelihood of success on the merits. Lack of such likelihood bars further inquiry into other requisites for injunctive relief. Ross–Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 16 (1st Cir. 1996).

---

[1] This court's Order dated September 5, 2017, mistakenly states that SWIFT moved to reconsider on June 2, 2017 (Docket No. 227, at 2, line 1). The record actually reflects that SWIFT moved to reconsider on August 29, 2017.

[2] In the motion, SWIFT requests the stay pending appeal from the Bankruptcy Appellate Panel for the First Circuit (Docket No. 246, at 4); however, it filed the motion before the bankruptcy court. This court considers its request under Fed. R. Bankr. P. 8007(a)(1)(A).

## DISCUSSION

SWIFT is unlikely to prevail on the merits of its appeal because it failed to timely object to the post-petition financing motion after receiving proper notice of the time period to object. SWIFT waited until after Parliament's urgent motion for entry of order and writ (Docket No. 221) to raise an objection to the post-petition financing. At this juncture it appears that a stay of the order granting post-petition financing could be moot because the order and writ may have been presented to the registrar at the Puerto Rico Department of State.

## CONCLUSION

Insomuch as SWIFT failed to meet the burden of demonstrating likelihood of success on the merits, the court need not entertain other factors to consider the stay of this court's order pending appeal. The court denies SWIFT's request for a stay of the order granting Debtor's post-petition financing.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of November, 2017.

*Mildred Cabán*

MILDRED CABÁN FLORES
United States Bankruptcy Judge